**Harry BOUT, Plaintiff–Appellant,**

v.

**Deborah GARCIA–LUNA, et al.,
Defendants–Appellees.**

No. 01–2275.

United States Court of Appeals,
Sixth Circuit.

May 7, 2002.

Before GUY and BATCHELDER, Circuit Judges; and WALTER, District Judge.*

---

* The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

*ORDER*

This is an appeal from a district court judgment finding for all defendants in this prisoner civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Michigan inmate Harry Bout filed a complaint in which he sought monetary damages and other relief from forty-eight named defendants. The district court denied the request for injunctive relief, dismissed the complaint sua sponte with respect to twenty-eight of the defendants, and permitted service on the remaining defendants. The district court ultimately granted summary judgment for the remaining defendants on all claims and this appeal followed.

Bout appeals the district court's decisions to deny injunctive relief, to dismiss a portion of his complaint under 28 U.S.C. § 1915A(b), and to grant summary judgment for the remaining defendants. A complaint may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). This court reviews de novo a district court's decision to dismiss a complaint pursuant to § 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). This court reviews an order granting summary judgment de novo. *Hall v. Tollett,* 128 F.3d 418, 421 (6th Cir.1997). An examination of the record on appeal

under these standards supports the district court's judgment in its entirety.

This is approximately the fiftieth state or federal lawsuit filed by Dutch national Harry Bout in which he purportedly seeks to vindicate a deprivation of his constitutional rights. *See Bout v. Bolden,* Nos. 98–2253 / 99–1133, 2000 WL 1033043 at *1 (6th Cir. July 19, 2000) (per curiam) (forty-six complaints as of that date). Bout was convicted in Michigan state court of first-degree murder and is serving a life sentence. In March of 2000, Bout filed a fee-paid civil rights complaint under 42 U.S.C. § 1983 in which he asked for monetary and injunctive relief against forty-eight named defendants, all of whom are employed in the Michigan corrections system. Bout contended that these defendants acted to deprive him of his First Amendment right of access to the courts, his Eighth Amendment rights to be free from cruel and unusual punishment, his Fourteenth Amendment right to equal protection, and his right to communicate with the Dutch Embassy as established in Article 36 of the Vienna Convention on Consular Relations, Apr. 24, 1963, art. 36, 21 U.S.T. 77, 596 U.N.T.S. 261 (1969) ("Vienna Convention"). The district court, on the recommendation of a magistrate judge, sua sponte denied Bout's request for injunctive relief and ordered the complaint dismissed as to twenty-eight of the defendants. The remaining twenty defendants were served and responsive pleading followed. The magistrate judge subsequently recommended that all but one claim should be dismissed. The district court ultimately decided to grant summary judgment for the remaining defendants on all claims and Bout filed the present appeal.

On appeal, Bout takes issue with the district court's judgment in its entirety. Upon examination, we shall affirm the judgment on appeal for the reasons set forth exhaustively in the district court opinions entered on September 19, 2000, October 23, 2000, and August 13, 2001.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.